IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
LAREDO DIVISION

OSCAR PUENTE, et al.,          §
                               §
            Plaintiffs,        §
VS.                            §
                               §   CIVIL ACTION NO. L-09-110
CHICAGO INSURANCE COMPANY, and §
ENRIQUE BENAVIDES, JR., M.D.,  §
                               §
            Defendants.        §

<u>MEMORANDUM AND ORDER</u>

This case was filed on August 25, 2009, in the 49th
Judicial District Court of Webb County, Texas. (Dkt. 3-1, State
Ct. Petition.) Defendants Chicago Insurance Company (CIC) and
Enrique Benavides, Jr., M.D., removed the case to this Court on
October 22, 2009. (Dkt. 1, Notice of Removal at p. 1.) Pending
is Plaintiffs' motion to remand (Dkt. 10). Plaintiffs also seek
costs and attorney's fees incurred as a result of the removal.
(Dkt. 10, Mt. to Remand ¶ 21.) Defendants assert that the case
falls within the Court's diversity jurisdiction under 28 U.S.C.
§ 1332. (Notice of Removal ¶ 6.) Defendant CIC represents that
it is a corporation created under the law of Illinois, where it
maintains its principal place of business. (Dkt. 1 at ¶ 8.)
Both CIC and Plaintiffs represent that Defendant Benavides is a
citizen of Texas. (State Ct. Petition ¶ 1.3; Dkt. 1 at ¶ 9.)
Plaintiffs represent that they are citizens of Texas. (State
Ct. Petition ¶ 1.1.) Defendants assert that Benavides was

improperly joined to destroy diversity jurisdiction. (Notice of Removal ¶ 9.) United States Magistrate Judge J. Scott Hacker held a hearing on Plaintiffs' motion to remand on February 18, 2010. On May 5, 2010, Judge Hacker issued a Report and Recommendation recommending that the Court grant Plaintiffs' motion to remand. He also purported to deny Plaintiffs' motion for costs and fees, but the Court will consider that denial as part of the final Recommendation. (Dkt. 43, Rept. & Recommendation 31.) Both parties have filed objections to Judge Hacker's Report. (Dkt. 48, CIC's Objections; Dkt. 51, Pl. Objections.)

## BACKGROUND

Plaintiffs make the following allegations in their state court petition: Plaintiffs filed a medical malpractice suit against Defendant Benavides in 2001 for the death of Sarah Puente. (Pl. State Ct. Petition ¶¶ 3.3-3.4.) At the time of the alleged malpractice, Benavides was covered by a malpractice liability insurance policy, issued by Defendant CIC ("the policy"). (Dkt. 16-3, Policy; Pl. State Ct. Petition ¶ 3.4.) Before trial of the malpractice action, Defendants represented that a $1 million policy limit applied to the claims, and that CIC could not settle the suit without Benavides's consent. (Id. at ¶ 3.4.) Plaintiffs offered to settle, but CIC declined.

(<u>Id.</u>)   The policy bars Benavides from unreasonably withholding consent to settle.   (<u>Id.</u> at ¶ 3.5; Policy 1.)   However, neither CIC nor Benavides informed Plaintiffs of that provision.   (State Ct. Petition at ¶ 3.5.)

As the Court interprets their petition, Plaintiffs bring four claims on the basis of these allegations.   First, Plaintiffs seek a declaration that the policy covers their malpractice claims.   (<u>Id.</u> at ¶ 4.1.)   Second, they seek a declaration that Benavides "has or is unreasonably withholding consent to settle for policy limits."   (<u>Id.</u> at ¶ 4.2.)   Third, they assert that Defendants engaged in a fraudulent asset transfer under the Texas Uniform Fraudulent Transfer Act ("UFTA"), TEX. BUS. & COM. CODE ANN. §§ 24.001–24.013.   (<u>Id.</u> at ¶ 5.1-5.3).   Fourth, Plaintiffs allege that Defendants "engaged in civil conspiracy to use illegal means to harm and defraud Plaintiffs . . . ."   (<u>Id.</u> at ¶ 6.1.)   Plaintiffs pray for three items of relief in the "Remedies" section of their petition:

> 7.1 Plaintiffs have suffered damages in excess of the jurisdictional limits of this Court.
>
> 7.2 Plaintiffs are entitled to a declaration that Chicago Insurance Company is jointly and severally liable for the entire amount of the judgment, if any, in excess of policy limits in the underlying case.
>
> 7.3 Plaintiffs are entitled to all remedies provided in TEX. BUS. & COME [sic] CODE ANN. §23.008, including an order compelling Benavides to consent before trial on the merits commences.

Judge Hacker concluded that there is no reasonable basis to predict that Texas law might impose liability on either CIC or Benavides. (Rept. & Recommendation 29.) Because the same considerations defeat Plaintiffs' case against both Benavides and CIC, Judge Hacker recommends dismissing the case under the "common defense" exception to the improper joinder rule. (<u>Id.</u> at 30.)

## STANDARD OF REVIEW

Rule 72(b)(3), Fed. R. Civ. P., states that "[t]he district judge must determine de novo any part of the magistrate judge's disposition that has been properly objected to." With respect to Judge Hacker's recommendations to which the parties did not object, the Court will exercise its discretion to review the recommendations for plain error.[1]

Defendant CIC objects to Judge Hacker's conclusion that Benavides and CIC enjoy common defenses to Plaintiffs' declaratory claims. (Dkt. 48, CIC's Objections ¶¶ 2–11.) While

---

[1] Rule 72(b)(3) ("The district judge may accept, reject, or modify the [magistrate judge's] recommended disposition . . . ."); <u>see also</u> <u>Thomas v. Arn</u>, 474 U.S. 140, 151 (1985) ("It does not appear that Congress intended to require district court review of a magistrate's factual or legal conclusions, under a <i>de novo</i> or any other standard, when neither party objects to those findings."); <u>id.</u> at 154 ("while the statute does not require the judge to review an issue <i>de novo</i> if no objections are filed, it does not preclude further review by the district judge, <i>sua sponte</i> or at the request of a party, under a <i>de novo</i> or any other standard.")

Plaintiffs have filed objections to Judge Hacker's discussion of the merits of their claims, they state that they "agree with the report's ultimate recommendation and result: that this case must be remanded." (Dkt. 51, Pl. Objections.)  As Plaintiffs do not object to any part of Judge Hacker's disposition of their motion to remand, Rule 72 does not require the Court to undertake de novo review of any portions of Judge Hacker's reasoning which lead to that disposition.  Neither party has objected to Judge Hacker's recommendation that the Court deny Plaintiffs' motion for fees and costs.  The Court will review Judge Hacker's consideration of the declaratory claims de novo, and the Court will review the remainder of Judge Hacker's conclusions for plain error.  Fed. R. Civ. P. 72, Advisory Committee Note; <u>Douglass</u>, 79 F.3d at 1428-29.

APPLICABLE LAW

A. Improper Joinder and the Common Defense Exception

A defendant may remove a civil action brought in state court if the action is within the federal courts' original jurisdiction.  28 U.S.C. § 1441(a).  When federal jurisdiction is based on diversity of citizenship, a case may be removed only "if none of the parties in interest property joined and served as defendants is a citizen of the State in which such action is brought."  28 U.S.C. § 1441(b).  When a defendant asserts that a

party to the state court litigation was not properly joined, the defendant "bears a heavy burden of proving that joinder of the in-state defendant was improper." Smallwood v. Illinois Cent. R. Co., 385 F.3d 568, 572 (5th Cir. 2004). A defendant may establish improper joinder by showing either actual fraud in the pleading of jurisdictional facts, or that "there is no reasonable basis for the district court to predict that the plaintiff might be able to recover against an in-state defendant." Id. at 573; see also Travis v. Irby, 326 F.3d 644, 647 (5th Cir. 2003). A district Court should ordinarily resolve an assertion of improper joinder "by conducting a Rule 12(b)(6)-type analysis" of the Plaintiff's state court pleading. McDonal v. Abbott Labs., 408 F.3d 177, 183 (5th Cir. 2005).

If the federal court finds no reasonable basis to predict that the plaintiff might recover against the in-state defendant, "a conclusion can be drawn that the plaintiff's decision to join the local defendant was indeed fraudulent, *unless* that showing compels dismissal of *all defendants*." McDonal, 408 F.3d at 183 (emphasis in original). As the Fifth Circuit explained in Smallwood, the "common defense" exception to the rule of improper joinder rule provides that:

> [W]hen . . . a showing that compels a holding that there
> is no reasonable basis that state law would allow the
> plaintiff to recover against the in-state defendant
> necessarily compels the same result for the nonresident

> defendant, there is no improper joinder; there is only a
> lawsuit lacking merit.

385 F.3d at 574.   Any doubt concerning the propriety of removal is resolved in favor of remand.   Gasch v. Hartford Accident & Indem. Co., 491 F.3d 278, 281 (5th Cir. 2007).   Benavides and CIC do not assert actual fraud in Plaintiffs' pleading of jurisdictional facts.   (Dkt. 16, Resp. to Mt. Remand ¶ 3.)

B. Applicable Texas Law

Under Texas law, an insurer has a duty to the insured to exercise ordinary care in the settlement of claims in order to protect its insureds against judgments in excess of policy limits.   American Physicians Ins. Exchange v. Garcia, 876 S.W.2d 842, 843 (Tex. 1994).   This is known as the Stowers duty, after G.A. Stowers Furniture Co. v. American Indem. Co., 15 S.W.2d 544 (Tex. Comm'n App. 1929, holding approved).   The duty is triggered when the insurer is presented with a settlement offer within policy limits that an ordinarily prudent insurer would accept.   State Farm Lloyds Ins. Co. v. Maldonado, 963 S.W.2d 38, 41 (Tex. 1998).   If the insurer breaches its duty to settle, a judgment in excess of the policy limits permits the insured to bring a Stowers claim against the insurer for the amount of the entire judgment.   Garcia, 876 S.W.2d at 849.

Texas Civil Practice and Remedies Code § 37.004(a) permits any (a) "person interested under a . . . written contract, or

other writings constituting a contract or whose rights, status, or other legal relations are affected by a . . . contract" to seek a declaration of his "rights, status, or legal relations thereunder." Texas courts' subject-matter jurisdiction over declaratory actions is limited "to cases involving a distinct injury to the plaintiff and a real controversy between the parties which . . . will be actually determined by the judicial declaration sought." Brown v. Todd, 53 S.W.3d 297, 305 (Tex. 2001). Texas courts' subject-matter jurisdiction also requires that plaintiffs have a personal stake in the dispute and that they have suffered or are threatened with a concrete and particularized injury. Brown, 53 S.W.3d at 305. The controversy must "'involv[e] genuine conflict of tangible interests and not merely a theoretical dispute.'" Bonham State Bank v. Beadle, 907 S.W.2d 465, 467 (Tex. 1995) (quoting Bexar-Medina-Atascosa Counties Water Control & Improvement Dist. No. 1 v. Medina Lack Protection Ass'n, 640 S.W.2d 778, 779–80 (Tex. App.—San Antonio 1982, writ ref'd n.r.e.)). In the absence of a genuine disagreement over the scope of a policy, a Texas court cannot hear a declaratory action to establish coverage. See Rudisill v. Arnold White & Durkee, P.C., 148 S.W.3d 556, 565 (Tex. App.—Houston [14th Dist.] 2004, no pet.).

Texas law generally does not give an injured third party standing to sue an insurer as a third-party beneficiary before a

judgment or settlement has established that the insured is liable. State Farm County Mut. Ins. Co. v. Ollis, 768 S.W.2d 722, 723 (Tex. 1989); Ohio Cas. Ins. Co. et al. v. Time Warner Entm't Co., 244 S.W.3d 885, 888 (Tex. App.—Dallas 2008, pet. denied); Nat'l. Am. Ins. Co. v. Breaux, 368 F. Supp. 2d 604, 620 (E.D. Tex. 2005); Standard Fire Ins. Co. v. Sassin, 894 F. Supp. 1023, 1027 (N.D. Tex. 1995). A third party may enforce an insurance contract if that party "is the legally intended beneficiary of the contract or a judgment creditor of the insured." Sassin, 894 F. Supp. at 1027 (applying Texas law). Before liability is established, injured third parties can have standing as intended beneficiaries of an insurance contract only if its provisions specifically grant them rights or there is an applicable statute to that effect. See Seay v. Travelers Indem. Co., 730 S.W.2d 774, 780 (Tex. App.—Dallas 1987, n.w.h.); Crowley v. Texas Snubbing Control, Inc., 812 F. Supp. 1437, 1445 (S.D. Miss. 1992) (applying Texas law). Texas law presumes that people contract for themselves, and a contract will not be construed as having been made for the benefit of a third party unless that was clearly the contracting parties' intention. Corpus Christi Bank and Trust v. Smith, 525 S.W.2d 501, 503 (Tex. 1975).

Texas law regards an insurer's duty to indemnify as a separate duty from its the duty to defend the insured. King v.

_Dallas Fire Ins. Co._, 85 S.W.3d 185, 187 (Tex. 2002).  The duty
to defend depends on allegations in the suit against the
insured, while the duty to indemnify is triggered by "the actual
facts establishing liability in the . . . suit." _Trinity
Universal Ins. Co. v. Cowan_, 945 S.W.2d 819, 821-22 (Tex. 1997).
A declaratory action regarding an insurer's duty to defend is
ripe after the insured has been sued, but a declaratory action
regarding the scope of the policy must typically wait "until
after the underlying suit has been resolved." _Columbia Cas. Co.
v. Georgia & Florida Railnet_, 542 F.3d 106, 111 (5th Cir. 2008)
(applying Texas law).  A declaratory action regarding coverage
can be justiciable before liability is established "when the
insurer has no duty to defend _and the same reasons that negate
the duty to defend likewise negate any possibility the insurer
will ever have a duty to indemnify._'" _Farmers Tex. County Mut.
Ins. Co. v. Griffin_, 955 S.W.2d 81, 84 (Tex. 1997) (emphasis in
original).

Under Texas law, an insurer who brings a declaratory action
regarding both coverage and its duty to defend may join a third-
party tort plaintiff who has not yet obtained a judgment.  _E.g.
State & County Mut. Fire Ins. Co. v. Walker_, 228 S.W.3d 404, 411
(Tex. App.—Fort Worth 2007, no pet.); _Standard Accident Ins. Co.
v. Meadows_, 125 F.2d 422, 424 (5th Cir. 1942); _Nat'l. Am. Ins.
Co. v. Breaux_, 368 F. Supp. 2d 604, 620 (E.D. Tex. 2005);

Atlantic Cas. Ins. Co. v. Ramirez, 651 F. Supp. 2d. 669, 684–86
(N.D. Tex. 2009). The rationale offered for this exception is
that a coverage dispute between the insurer and the insured
confers derivative standing on the injured third party. Texas's
courts of appeals have reached conflicting conclusions regarding
whether a third-party tort plaintiff may bring a pre-judgment
declaratory action concerning both the duty to defend and the
duty to indemnify against the insurer. Compare, e.g. Lancer
Ins. Co. v. Perez, 308 S.W.3d 35, 48 (Tex. App.—San Antonio
2009, pet. for review) (no standing); with Richardson v. State
Farm Ins., 2007 WL 1018651, at *5 (Tex. App.—Fort Worth, April
5, 2007, review denied) (permitting a third party to bring a
declaratory action to force an insurer to defend and indemnify
the insured). In any event, that conflict would not apply here
since CIC has never denied a duty to defend or indemnify in this
case.

## DISCUSSION

A. Plaintiffs' Declaratory Claims

Plaintiffs' first declaratory claim is for a judgment that
the policy covers the malpractice claims in their underlying
suit. Judge Hacker did not address at length whether the common
defense exception applies to Plaintiffs' first declaratory claim
because Plaintiffs represented that there is no dispute over

whether the policy covers their malpractice claims, and that they now "seek only a declaration 'that Benavides has or is unreasonably withholding consent to settle for policy limits.'" (Report & Recommendation 4; see also id. at 2 n.3, 4.)   CIC objects that "[w]hether the parties have agreed to drop an allegation in the complaint as originally filed is not relevant to the determination of whether to remand."   (CIC's Objections 5.)   CIC asserts that "[i]n determining whether removal was proper the Court can only consider the allegations in the underlying Petition at the time of the removal and cannot base the determination upon subsequent agreements or statements by the parties during the hearings or that are made in the pleadings seeking remand."   (Id.)   CIC cites Tedder v. F.M.C. Corp. 590 F.2d 115 (5th Cir. 1979), in which the Fifth Circuit stated that "[w]hether a case is properly removed is determined by reference to the allegations in a plaintiff's state court pleading."   Id. at 116.

Even if CIC is correct that the required focus is on Plaintiffs' state Court petition, the Court is not required to ignore Plaintiffs' explanation of their claims and specifically Plaintiffs' admission that there is no actual dispute underlying their first declaratory claim.   See Smallwood, 385 F.3d at 573 (when "a plaintiff has stated a claim, but has misstated or omitted discrete facts that would determine the propriety of

joinder . . . the district court may, in its discretion, pierce the pleadings and conduct a summary inquiry.")[2]  Moreover, the Court cannot ignore Plaintiffs' concession that no genuine dispute underlies their first declaratory claim, an admission that defeats this Court's subject-matter jurisdiction apart from any considerations of diversity or improper joinder.  U.S. CONST. art. III, § 2.

An improper joinder analysis of the first declaratory claim favors remand.  First, the absence of a genuine dispute provides CIC and Benavides with a common defense under Texas courts' justiciability doctrines.  See Brown v. Todd, 53 S.W.3d at 305; Bonham State Bank, 907 S.W.2d at 467.  Defendants enjoy a second common defense because it is highly unlikely that Texas Courts will regard the first declaratory claim as ripe.  It has not yet been established whether Benavides is liable for the injuries Plaintiffs allege in their malpractice suit.  See State Farm,

---

[2] See also McDonal, 408 F.3d at 183 n.6 (same); Griggs v. State Farm Lloyds, 181 F.3d 694, 699–700 (5th Cir. 1999) (endorsing consideration of Plaintiff's affidavit testimony filed before district court's ruling on motion to remand, "but only to the extent that the factual allegations in his affidavit clarify or amplify the claims actually alleged in the amended petition that was controlling when the suit was dismissed."); B., Inc. v. Miller Brewing Co., 663 F.2d 545, 552 n.17 (5th Cir. 1981) (stating that the Court would consider "'facts' which appeared in the record of the plaintiff's allegations as presented in the District Court's hearing" on the motion to remand, because the action was removed "before plaintiffs had an opportunity to amend or supplement their pleadings as provided under Texas Rules of Civil Procedure, Rule 63 . . . .").

768 S.W.2d at 723; Ohio Cas., 244 S.W.3d at 888. Without a judgment in the underlying malpractice suit, Plaintiffs are not third-party beneficiaries with standing to enforce the policy's coverage provisions. See Crowley, 812 F. Supp. at 1445. The policy does not explicitly confer any rights on Plaintiffs. There are no applicable statutory provisions to that effect, and there is no indication of a dispute over CIC's duty to defend that would permit litigation of its duty to indemnify before Plaintiffs attain a judgment. Texas's ripeness requirement affords CIC and Benavides with a common defense to Plaintiffs' first declaratory claim.

In their second declaratory claim, Plaintiffs seek a declaration that Benavides "has or is unreasonably withholding consent to settle for policy limits." (State Ct. Petition at ¶ 4.2.) Plaintiffs contend that under Texas Civil Practice and Remedies Code § 37.004(a) they are persons "interested" in the policy provision barring Benavides from unreasonably withholding consent (the "consent provision"), because "their legal rights are affected by it interpretation." (Mt. to Remand ¶ 13.) The "legal rights" Plaintiffs identify amount to nothing more than the possibility that forcing Benavides to consent might require CIC to either settle the malpractice suit or risk Stowers liability for a judgment in excess of the policy. (Id.) Having not even established a right to recover any amount from

Benavides or CIC, Plaintiffs have no legal interest in preventing Benavides from foreclosing those contingencies. There is no indication that Plaintiffs are third-party beneficiaries of any of the policy's provisions. There is no reasonable basis to predict that Texas courts would allow them to assert CIC's entitlement that Benavides not unreasonably withhold consent to settle. These considerations provide Benavides and CIC with a common defense to Plaintiffs' second declaratory claim.

CIC attempts to avoid the consequences of the common defense doctrine by characterizing the first and second declaratory claims as having been brought against different parties:

> In the state court Petition in effect at the time of the removal, the Plaintiffs seek recovery against Dr. Benavides for "wrongfully withholding" his consent to settlement and thereby precluding the Plaintiffs from obtaining the benefits of a settlement. As to [CIC], the Plaintiffs separately seek a determination of whether their claims against Dr. Benavides are covered under the Chicago Insurance policy issued to Dr. Benavides. There are separate reasons why the very distinct causes of action against Dr. Benavides and [CIC] must fail.

(CIC's Objections ¶ 1.)

Plaintiffs' petition does not segregate their declaratory claims as being against different Defendants. Furthermore, in Texas "[w]hen declaratory relief is sought, all persons who have or claim any interest that would be affected by the declaration

must be made parties." Tex. Civ. Prac. & Rem. § 37.006(a). Both Defendants have interests in the policy that would be affected by a declaration regarding the extent of coverage. Plaintiffs bring their second declaratory claim seeking to stand in CIC's shoes with respect to the consent provision in order to force Benavides to consent to settle. They apparently believe that forcing Benavides to consent would force CIC to either settle the malpractice suit or risk <u>Stowers</u> liability. (Mt. to Remand ¶ 13; Dkt. 16, Resp. to Mt. Remand ¶ 3.) CIC has as much reason as Benavides to resist Plaintiffs' efforts to advance that theory in state court. Moreover, the common position of both Defendants is that Plaintiffs currently have no legal right to intervene in the contractual relationship between Benavides and CIC arising out of the insurance policy.

CIC also points out that that the remedies Plaintiffs seek against CIC and Benavides are not entirely identical. (CIC's Objections 10.)[3] CIC argues that the common defense doctrine should not apply because "the defense that Benavides cannot be compelled to negotiate or settle the claims against him does not apply equally to [CIC]." (CIC's Objections 5.) This argument

---

[3] Against Benavides, Plaintiffs seek damages and an order that he consent to settlement. (State Ct. Petition ¶¶ 7.1, 7.3.) Against CIC, Plaintiffs' seek damages and a judgment that if CIC does not settle it will be liable for any judgment in excess of the policy limits. (<u>Id.</u> at ¶¶ 7.1, 7.2.)

fails because CIC and Benavides nonetheless enjoy common defenses to the claims underlying Plaintiffs' desired remedies.

The purpose of the improper joinder doctrine is to prevent plaintiffs from manipulating federal jurisdiction by tacking unrelated non-diverse claims onto their lawsuit. See Smallwood, 385 F.3d at 572-73, 576.  When plaintiffs tack meritless non-diverse claims on their lawsuit, their pleading evinces a ruse to destroy diversity.  See McDonal, 408 F.3d at 183.  However, where the claims fail for common reasons against both diverse and non-diverse defendants, there is not the addition of a bogus non-diverse party but simply a meritless suit brought against multiple defendants without regard to their citizenship.  See Smallwood, 385 F.3d at 574.  This case falls squarely within the category of cases for which the common defense exception was created.  Plaintiffs' pleading, and their explanation of it at the motion hearing and in their written filings, give every indication that their decision to join Benavides resulted from their idiosyncratic view of Texas law rather than a desire to defeat federal jurisdiction.

Having independently considered the motion to remand with respect to Plaintiffs' declaratory claims, the Court finds no error in Judge Hacker's conclusion that there is no reasonable basis to predict that Plaintiffs will be able to vindicate their declaratory action in state court.  The Court also finds that

Defendants enjoy common defenses to both the first and the second declaratory claims.

### B. Plaintiffs' Fraudulent Transfer Claim

Plaintiffs allege that by refusing to consent to settle, Benavides has fraudulently transferred an asset to CIC, in violation of the Texas Uniform Fraudulent Transfer Act ("UFTA"), Tex. Bus. & Com. Code Ann. §§ 24.001–24.013.   Texas Business and Commerce Code, Section 24.005(a)(1) provides creditors with recourse if a debtor transfers assets or incurs an obligation "with actual intent to hinder, delay, or defraud any creditor of the debtor."   Section 24.006(a) provides creditors with recourse if the debtor transfers assets or incurs an obligation "without receiving a reasonably equivalent value in exchange for the transfer or obligation and the debtor was insolvent at that time or the debtor became insolvent as a result of the transfer or obligation."   "Asset" is defined, in relevant part, as "property of a debtor . . . ."   § 24.002(2).[4]   "Transfer" is defined to mean every mode, direct or indirect, absolute or conditional, voluntary or involuntary, of disposing of or parting with an

---

[4]   The act defines "creditor" as a person to whom a "claim" is owed.   § 24.002(4).   A "claim" is "a right to payment or property, whether or not the right is reduced to judgment, liquidated, unliquidated, fixed, contingent, matured, unmatured, disputed, undisputed, legal, equitable, secured, or unsecured." § 24.002(3).

asset or an interest in an asset, and includes payment of money, release, lease, and creation of a lien or other encumbrance. § 24.002(12).

Plaintiffs' UFTA theory appears to be that by withholding his consent to settle, Benavides has effectively transferred his <u>Stowers</u> claim to CIC without receiving reasonably equivalent value in exchange. The purpose of the UFTA is to prevent debtors from defrauding their creditors by placing assets beyond their reach. <u>Tel. Equip. Network, Inc. v. TA/Westchase Place, Ltd.</u>, 80 S.W.3d 601, 607 (Tex. App.—Houston [1st Dist.] 2002, no pet.). It is inconceivable that Texas Courts would permit a plaintiff to use the UFTA to force an insured to settle a lawsuit in order to preserve a potential <u>Stowers</u> claim. Certainly Plaintiffs offer no legal authority to support their theory.

First, a <u>Stowers</u> claim "belongs to the insured, and the injured party has no standing to assert it." <u>Whatley v. City of Dallas</u>, 758 S.W.2d 301, 307 (Tex. App.—Dallas 1988, writ denied). Even after a <u>Stowers</u> claim has accrued, a judgment creditor cannot force an insured judgment debtor to assert it or assign it to the creditor. <u>Charles v. Tamez</u>, 878 S.W.2d 201, 208 (Tex. App.—Corpus Christi 1994, writ denied); <u>Nationwide Mut'l Ins. Co. v. Chaney</u>, 2002 WL 31178068 at *4 n.5 (N.D. Tex., Sept. 30, 2002); <u>see also</u> <u>Coronado v. Employees Nat'l Ins. Co.</u>,

577 S.W.2d 525, 532 (Tex. Civ. App.—El Paso 1979), aff'd, 596 S.W.2d 502 (Tex. 1979) (judgment creditor does not have a cause of action in excess of the policy limits).   As Judge Hacker observed, "if Dr. Benavides desired, he could simply defeat any future attempts by plaintiffs to recover in a turnover proceeding against him by being content that CIC abided by his wishes not to settle the claim."   (Rept. & Recommendation 23.) Second, even if the potential Stowers claim were an asset, no transfer would be complete until Benavides had required CIC to litigate the case to judgment.   As Judge Hacker points out, "[t]he fact that Dr. Benavides could change his mind and consent to settlement in the underlying state-court lawsuit at some point in the future demonstrates that no transfer whatsoever has occurred . . . ."   (Rept. & Recommendation 22.)   The fraudulent transfer claim's defects supply CIC and Benavides with a common defense.   The Court finds no plain error in Judge Hacker's conclusions with respect to Plaintiffs' fraudulent transfer claim.

C. Plaintiffs' Civil Conspiracy Claim

The elements of a Texas law civil conspiracy claim are "(1) two or more persons; (2) an object to be accomplished; (3) a meeting of minds on the object or course of action; (4) one or more unlawful, overt acts; and (5) damages as the proximate result." Massey v. Armco Steel Co., 652 S.W.2d 932, 934 (Tex. 1983); see also Murray v. Earle, 405 F.3d 278, 293 (5th Cir. 2005) (applying Texas law). The unlawful acts must constitute a tort actionable independently of the civil conspiracy claim. See Tilton v. Marshall, 925 S.W.2d 672, 681 (Tex. 1996) ("[A] defendant's liability for conspiracy depends on participation in some underlying tort for which the plaintiff seeks to hold at least one of the named defendants liable."); Kelly v. Diocese of Corpus Christi, 832 S.W.2d 88, 95 (Tex. App.—Corpus Christi 1992, writ dism'd w.o.j.) ("[g]enerally, if an act by one person cannot give rise to a cause of action, then the same act cannot give rise to a cause of action if done pursuant to an agreement between several persons."). As Judge Hacker explains in his Report and Recommendation, Plaintiffs' civil conspiracy claim fails against both Benavides and CIC because Plaintiffs have not alleged conduct that would constitute an underlying tort. (Id. at 24–27.) The Court finds no plain error in Judge Hacker's treatment of the civil conspiracy claim.

D. Plaintiffs' Request for Attorney's Fees and Costs

Title 28, section 1447(c) provides that "[a]n order remanding [a] case may require payment of just costs and any actual expenses, including attorney fees, incurred as a result of . . . removal."   The Fifth Circuit has explained that "application of § 1447(c) requires consideration of the propriety of the removing party's actions based on an objective view at the time of removal."   The merits of removal are to be evaluated as of "the time of removal, irrespective of the fact that it might ultimately be determined that removal was improper."   <u>Valdes v. Wal-Mart Stores, Inc.</u>, 199 F.3d 290, 293 (5th Cir. 2000).   Judge Hacker concluded that Plaintiffs' failure state a claim against Benavides could have "[led] Defendants to reasonably believe that he was improperly joined." (Rept. & Recommendation 30.)   Plaintiffs did not object to the denial of their request for fees and costs, and this Court finds no plain error in Judge Hacker's conclusion on that issue.

<u>CONCLUSION</u>

It is ORDERED that Judge Hacker's Report and Recommendation is ACCEPTED.  (Dkt. 43).  This case will be remanded to the 49th Judicial District Court of Webb County, Texas.

DONE at Laredo, TX, this 3rd day of September, 2010.


_____
George P. Kazen
Senior United States District Judge